```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

| | |
|---|---|
| JERRY HAMMOND, | * |
| Petitioner, | * |
| vs. | *  CIVIL ACTION NO.: 13-00169-KD-B |
| TONY PATTERSON, | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

Petitioner Jerry Hammond filed a petition under 28 U.S.C. § 2254 (Doc. 1) on April 8, 2013.  This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  Because Petitioner has failed to prosecute and to comply with the Court's Order dated April 9, 2013, it is recommended that this action be dismissed without prejudice.

When Petitioner initiated this action, his petition (Doc. 1) filed with the Court was not on the Court's required form for actions seeking relief under 28 U.S.C. § 2254. In addition, Petitioner did not pay the $5.00 required filing fee or in lieu thereof, file a motion to proceed without prepayment of fees.  Accordingly, on April 9, 2013, this Court issued an Order directing Petitioner to refile his petition on this Court's current form and to pay the $5.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees by May 9, 2013. (Doc. 2).  Petitioner was advised that if he failed to comply with the Court's directives, this action would be dismissed

without prejudice for failure to prosecute and to obey the Court's Order.  The Court also directed the Clerk to forward to Petitioner a copy of the requisite forms along with a copy of the Order.

On April 12, 2013, Petitioner paid the $5.00 filing fee, and on April 24, 2013, he wrote the Court requesting another form for a § 2254 petition and for a copy of his original petition.  Per Petitioner's request, the Clerk forwarded these documents to him on April 25, 2013. (Doc. 4).  To date, Petitioner has failed to file an amended petition as directed by the Court.

Due to Petitioner's failure to comply with the Court's Order dated April 9, 2013 (Doc. 2), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.

1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **24th** day of **June, 2013.**

                                                          /s/ SONJA F. BIVINS
                                          **UNITED STATES MAGISTRATE JUDGE**